UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRIK BLANTON,<br><br>                    Petitioner,<br><br>v.<br><br>DEBORAH BARNES, DANA M. SABRAW, BARRY TED MOSKOWITZ, CDCR CARILLO, D.O.J.,<br><br>                    Respondents. | Case No.: 3:24-cv-1278-JO-SBC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. For the reasons discussed below, the Petition is dismissed without prejudice.

First, this case cannot proceed because Petitioner has neither paid the $5.00 filing fee nor moved to proceed *in forma pauperis* ("IFP"). The Court therefore **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must either pay the $5.00 fee or submit adequate proof of his inability to pay the fee no later than October 31, 2024.

Second, the Petition does not clearly state a legally cognizable claim. "Rule 2(c) of the Rules Governing § 2254 Cases states that a habeas petition must '(1) specify all the

grounds for relief available to the petitioner' and '(2) state the facts supporting each ground.'" *Marks v. Davis*, 106 F.4th 941, 996 (9th Cir. 2024) (citing Rule 2(c), 28 U.S.C. foll. § 2254.) This rule "demand[s] that habeas petitioners plead with particularity." *Mayle v. Felix*, 545 U.S. 644, 656 (2005). To satisfy Rule 2, the Petitioner must state with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations need to be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).

Here, Petitioner does not clearly state the grounds for habeas relief nor provide specific factual allegations in support of such relief.[1] The Petition is 161 pages long and while it references Petitioner's state court conviction, it is largely comprised of dozens of documents unrelated to this conviction. These include orders in civil cases from various courts, medical and mental health records, administrative grievances from various prisons, and photocopies of magazine or journal articles. *See generally*, Dkt. 1. The Petition fails because the Court cannot discern the specific grounds for habeas relief or the factual basis alleged.

Given his pro se status, the Court will grant leave to amend. If Petitioner chooses to submit an amended Petition, he is advised as follows:

1. He must *clearly and succinctly* state all factual grounds for relief using the First Amended Petition form sent to Petitioner with this order.
2. He is further advised that *habeas* petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first

---

[1] To the extent the Petition includes allegations that appear to challenge the conditions of Petitioner's confinement, such claims are not cognizable on federal habeas. Challenges to conditions of confinement are typically brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, while challenges to the fact or duration of one's confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973).

exhaust state judicial remedies. 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. §§ 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). If Petitioner has already raised his claims in the California Supreme Court, he must provide this information in his Petition. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994).

3. Finally, Petitioner has must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). In order for this Court to entertain a petition for *habeas corpus*, a petitioner must name the warden currently in charge of the state correctional facility in which he is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION AND ORDER

For the above reasons, the Petition is **DISMISSED** without prejudice. In order to

have this case reopened, Petitioner must (1) pay the filing fee or provide adequate proof of his inability to pay **AND** (2) file an amended petition which cures the pleading deficiencies outlined above, **no later than October 31, 2024**.  For Petitioner's convenience, the Clerk of Court shall include with this Order, a blank application to proceed in forma pauperis form and a blank form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

Dated: October 1, 2024

Hon. Jinsook Ohta
United States District Judge